No. 2577.—Zenon Naquin, Administrator, v. Dominique Durac.

A third party who has acquired the interest of a portion of the heirs in a succession, can not plead such interest in compensation in a suit brought by the administrator to recover a note due the estate.

APPEAL from Third District Court, parish of Lafourche. *Gates*, J. *E. W. Blake*, for plaintiff and appellant. *Bush & Goode*, for defendant and appellee.

Ludeling, C. J. Zenon Naquin, administrator, sues to recover the amounts of two promissory notes due by the defendant to the succession of Mrs. Pierre P. Naquin.

The defendant filed an exception alleging that, since the institution of this suit, he had acquired the interest of two of the heirs, and that he had a right to collate, and that no action could be instituted against him until an account had been rendered by the administrator, etc.

There was judgment sustaining the exception, and the plaintiff has appealed.

The heirs have no right to sell any part of the property of the succession under administration. They may sell their interest in the succession or in any part of it, but that interest is only to be ascertained after a settlement of the debts; there may be nothing going to the heirs. And one buying the interest of an heir in a note in favor of an estate can not plead it in compensation when sued on the note; the claims are not equally liquidated.

Nor are we aware of any law which prevents an administrator from suing for the amount of a note due by a third person, who may have purchased the interest of a portion of the heirs in the note.

It is therefore ordered that the judgment of the district court be avoided and reversed; that the exception be overruled; that the defendant pay the costs of this appeal, and that the case be remanded to the lower court to be proceeded with according to law.

---

No. 2541.—B. O. Mesritz et al. v. H. Marks et al.

An appeal will not lie from an interlocutory judgment on a rule to dissolve an attachment, unless it is shown that such a judgment would work an irreparable injury.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Cooley & Phillips*, for plaintiffs and appellees. *Race, Foster & E. T. Merrick*, for defendants and appellants.

Howe, J. The motion to dismiss in this case must prevail. The appeal was taken from a judgment dismissing a rule to dissolve an attachment. The judgment is interlocutory, and does not work an irreparable injury.

It is therefore ordered that the appeal herein be dismissed, with costs.